PATRICK KELLEY, administrator, *vs.* BOSTON AND MAINE RAILROAD.

Suffolk. March 20. — Sept. 8, 1883. COLBURN, J., did not sit.

The St. of 1881, c. 199, allowing actions of tort against railroad corporations, common carriers, and towns, for loss of life by negligence, does not apply to an action brought after it went into effect for a loss of life occurring before its enactment.

TORT, under the St. of 1881, c. 199,* for causing the death of the plaintiff's intestate, on November 16, 1880, at a place in Melrose, where the defendant's railroad crossed a highway at grade. Writ dated August 9, 1881. Trial in the Superior Court, before *Mason*, J., who reported the case for the determination of this court, in substance as follows:

After the plaintiff had opened the case to the jury, the defendant asked the judge to rule, that, as the St. of 1881, c. 199, did not go into effect until May 12, 1881, after the injury complained of, the action could not be maintained. The judge so ruled, and directed the jury to return a verdict for the defendant.

If the ruling and direction were correct, judgment was to be entered on the verdict; otherwise, a new trial to be granted.

*J. F. Cronan*, for the plaintiff.

*S. Lincoln*, for the defendant.

C. ALLEN, J. The argument for the plaintiff rests chiefly on the ground that the statute under which the present action was brought simply transfers jurisdiction from the criminal to the

---

* This statute gives an action of tort by an executor or administrator in certain cases, against railroad corporations, common carriers, and towns, for loss of life by negligence.

civil court, and therefore impairs no vested right of the defendant, and may well be held to be retroactive in its operation. But no criminal jurisdiction existing under the earlier statute (St. 1874, *c.* 372, § 163) is taken away by the St. of 1881, *c.* 199; and the purpose of the later statute was to give a new remedy to the party by a civil action, in addition to that already existing by indictment. § 6. The civil action differs in important particulars from the remedy by indictment. The latter is not available as a matter of right, but is a remedy in the name of the Commonwealth, dependent upon the action of the grand jury, and to be enforced by or under the direction of a public officer, and according to the forms of criminal proceedings. The civil action may be instituted by the executor or administrator of the deceased person of his own motion; the trial will be before the court, without a jury, unless a jury trial is demanded by one of the parties; in case of trial by jury, the damages are to be assessed by the jury; the burden of proof will be sustained by proving the issue by a preponderance of evidence; and the plaintiff will recover or be liable to costs, as the result of the case may be. There is nothing in the act of 1881 to show that the Legislature intended to give this new remedy for acts already past; and, in accordance with the well settled and often declared rule, the statute must be construed as merely prospective in its operation.          .          *Judgment on the verdict.*