MARCIANO GRELLA, administrator, *vs.* LEWIS WHARF COMPANY.

SAME *v.* SAME.

MARCIANO GRELLA *v.* SAME.

Suffolk.   November 20, 21, 1911. — February 26, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Negligence,* Imputed, Causing death.  *Corporation,* Powers.  *Lewis Wharf Company.*  *Evidence,* Presumptions and burden of proof.

In an action against the owner of a tenement building for causing the death of a child fourteen months old, who fell through an opening in the balustrade of a hallway on the second floor of the building, there was evidence that the mother of the child, who occupied a tenement on the second floor, had another child less than two months old and was compelled to do all the family housework and attend to her two children, that she entrusted the older child to the daughter of another tenant fifteen years of age, who had taken care of the child on other occasions, that the child then was on the floor of the hallway where two older children were playing with it, that this girl took up the child in her arms and

walked with it and later, being obliged to do her housework, put the child down on the floor apparently some feet distant from the opening in the balustrade, and when she had taken three steps heard it fall, that the mother, when she went from the hallway into her own tenement adjoining it, had seen the child in the girl's arms and within two or three minutes heard the noise of the fall. *Held,* that, if the girl was the custodian of the child at the time of the accident, the question of her due care was for the jury, and if, as might be found, the mother was the custodian, her due care also was a question for the jury, who could find that the oversight she gave the child was all that reasonably could be required of her under the circumstances.

The Lewis Wharf Company, created by St. 1834, c. 115, and authorized within the limits described in that act to "erect buildings, lay out streets and passage ways, and improve and manage said property, as to them shall seem expedient," has power to maintain a tenement house within the designated territory, and in doing so is subject to the liability for causing death by negligence imposed by R. L. c. 171, § 2, as amended by St. 1907, c. 375.

Review by DeCourcy, J., of the statutes of this Commonwealth providing a civil remedy for death caused by negligence.

Illustrations given by DeCourcy, J., of cases where the rule of evidence requiring proof beyond a reasonable doubt in criminal proceedings does not apply to civil actions which are penal in their nature.

In an action under R. L. c. 171, § 2, as amended by St. 1907, c. 375, for causing death by negligence, the plaintiff sustains the burden of proof by proving his case by a preponderance of the evidence.

THREE ACTIONS OF TORT, the first by Marciano Grella as administrator of the estate of his child Margherita Grella, under R. L. c. 171, § 2, as amended by St. 1907, c. 375, for causing the death of the plaintiff's intestate, a girl fourteen months old, by negligently failing to keep in repair a balustrade or railing on the second floor of a tenement building of the defendant numbered 259 on North Street in Boston, the second action, brought also as administrator, to recover for conscious suffering of the plaintiff's intestate, and the third action by the plaintiff personally for expenses incurred by reason of the injury and death. Writs dated July 17, 1908.

In the Superior Court the cases were tried together before *Harris,* J. The accident happened on June 23, 1908, at about 6.30 P. M. and the child died four hours later. The plaintiff and his family, consisting at the time of the accident of his wife and two babies, one a month old and the plaintiff's intestate fourteen months old, occupied three rooms on the second floor of the tenement opening upon the hallway on that floor.

The defendant was a corporation, created by St. 1834, c. 115. The building in question was not physically connected with the

wharf of the defendant. It consisted of a store on the ground floor and tenements on the second, third and fourth floors. There was a hallway off North Street with a stairway leading to the second floor, then a passage or hallway at the right extending to a window on North Street, which window was at the foot of a stairway leading to the third floor. As one went up the first stairway there was a railing or balustrade and this turned and was on the right hand side of the passage or hallway of the second floor. The balustrade consisted of ordinary wooden banisters.

At the time of the accident the plaintiff's intestate was in this hallway on the second floor, where two or three children were playing, "and somehow she fell where the banisters were broken out and landed at the foot of the stairs on the floor below and near the doorway entering the tenement portion of the building."

The other facts material to the questions raised by the exceptions are stated in the opinion.

At the close of the evidence the defendant asked the judge to give the following instructions:

"1. Upon all the evidence in the case the plaintiff cannot recover.

"2. R. L. c. 171, § 2, as amended by St. 1907, c. 375, does not apply to this case, and therefore the plaintiff cannot recover.

"3. You must be satisfied beyond a reasonable doubt that the mother of the child was in the exercise of due care."

The judge refused to give any of these instructions.

The jury returned a verdict for the plaintiff in each of the cases; and the defendant alleged exceptions, which, after the resignation of *Harris,* J., were allowed by *Jenney,* J.

*J. Lowell & J. A. Lowell,* for the defendant.

*J. L. Hall,* (*E. S. Kochersperger* with him,) for the plaintiff.

DeCourcy, J. The deceased, a child fourteen months old, fell through an opening caused by broken banisters in a tenement house of the defendant, and struck on the floor below. These actions are brought, one for her death, one for her conscious suffering, and the third for the medical and funeral expenses.

1. The defendant's first request, that upon all the evidence the plaintiff cannot recover, was rightly refused. The defendant was the landlord of the plaintiff Marciano Grella and retained control of the common hallway where the accident happened. This opening in the balustrade was made after the tenancy began,

had remained unguarded for two or three months before the accident, had been called to the attention of the defendant's agent and could have been repaired at a trifling expense. That this constituted sufficient evidence of negligence is not questioned by the defendant. *Faxon* v. *Butler,* 206 Mass. 500.

But it is urged that the plaintiff has not sustained the burden of showing due care. The deceased was a child of such tender years that she was incapable of exercising care, and this issue must be determined by the conduct of those in charge of her. The mother testified that she entrusted the child to the custody of Angelina Cardarelli, the fifteen year old daughter of a neighboring tenant, who had taken care of the little one on other occasions; and the case apparently was tried on the assumption that Angelina's due care must be shown. *Norris* v. *Anthony,* 193 Mass. 225.

The accident happened on a hot summer evening. Two other children, aged seven and six years, were playing with the baby in the corridor when Angelina took it up in her arms and walked with it. Later, being obliged to do her housework, she put the little one down on the floor at a place about opposite to the middle of the balustrade and apparently some feet distant from the opening mentioned. When she had taken three steps from where she left the child she heard it fall and turned back to see what was the trouble. Although the question of Angelina's due care is somewhat close on this evidence, under all the circumstances it was rightly submitted to the jury.

The same result is reached if the mother was the custodian at the time of the accident, as might be found upon Angelina's testimony. When she stepped from the corridor into her own apartment she saw her child in Angelina's arms, and within two or three minutes she heard the noise of the fall. We must take into consideration the fact that this woman was compelled to do all the family housework and attend to her two children, the younger of whom was less than two months old. She might well assume that Angelina, who was accustomed to the care of children and whose little brother was in the corridor, would not leave the baby on the floor but would call out for or return it to its mother. The jury might well find that the oversight this mother gave to her child was all that reasonably could be required of her under

the circumstances disclosed. *Sullivan* v. *Boston Elevated Railway,* 192 Mass. 37, and cases cited.

2. The remaining exceptions apply only to the action under the death statute (St. 1907, c. 375). The second request raises the question whether the death of the child was caused by this corporation "by . . . its negligence, or by the negligence of . . . its agents or servants while engaged in . . . its business." The contention of the defendant is that its business was that of wharfinger, and not that of owning and renting tenement houses; and that the statute does not apply to it. This contention is sufficiently answered by the defendant's act of incorporation, St. 1834, c. 115, which in terms empowered it, within limits which include the place of the accident, to "erect buildings, lay out streets and passageways, and improve and manage said property, as to them shall seem expedient." It may well be that its main business was in connection with its piers and the warehouses and stores thereon. But the maintenance of the tenement house at 259 North Street and the receipt of its rentals was at least incidental to the business of this corporation which owned a number of tenement houses in the vicinity of the piers and had about sixty tenants. *Daley* v. *Boston & Albany Railroad,* 147 Mass. 101.

3. The judge was right in refusing to give the third request that the mother's due care in the death case must be proved beyond a reasonable doubt. The history of our statutes authorizing recovery for death caused by negligence was thoroughly reviewed in the recent cases of *Hudson* v. *Lynn & Boston Railroad,* 185 Mass. 510, and *Brooks* v. *Fitchburg & Leominster Street Railway,* 200 Mass. 8, but the question now raised was not discussed. The only remedy provided in death cases was by indictment until St. 1881, c. 199, first introduced a civil action in cases against common carriers and towns. When the statutes were revised in the Public Statutes of 1882, the indictment form of remedy was left out of the laws relating to highways and common carriers, although retained in those concerning railroads and street railways. Pub. Sts. c. 52, § 17; c. 73, § 6; c. 112, §§ 212, 213. In 1886 (c. 140) an action of tort was allowed against street railways in case of the death of persons other than employees. The employers' liability act of 1887 (c. 270) provided a civil remedy for the instantaneous death of an employee, and this was extended to cases of death after

conscious suffering by St. 1892, c. 260. St. 1897, c. 416, relating to gas and electric light corporations, and St. 1898, c. 565, extending liability to all individuals and corporations for the death of persons not in their employ, contain no provision for an indictment. This last statute was re-enacted in R. L. c. 171, § 2, and under it (as amended by St. 1907, c. 375) the present action was brought. It is apparent from this review that the liability created by the statute in question is one for which the only form of remedy is a civil proceeding, and presumably the rules of civil procedure are applicable.

Generally the rule of evidence requiring proof beyond a reasonable doubt in criminal proceedings does not apply to civil actions even when they arise from an act which is penal in its nature. Thus in complaints under the bastardy statute, it is sufficient to prove the charge by a preponderance of the evidence. *Richardson* v. *Burleigh,* 3 Allen, 479. *Young* v. *Makepeace,* 103 Mass. 50. So in an action to recover a forfeiture for the sale of intoxicating liquor to a minor, the rule requiring proof beyond a reasonable doubt does not apply. *Roberge* v. *Burnham,* 124 Mass. 277. So also in an action on a policy of insurance the defendant is not bound to prove beyond a reasonable doubt that the fire was occasioned by the wilful and fraudulent act of the plaintiff. *Schmidt* v. *New York Union Mutual Fire Ins. Co.* 1 Gray, 529. And see *Gordon* v. *Parmelee,* 15 Gray, 413; *Anderson* v. *Edwards,* 123 Mass. 273; 4 Wigmore on Evidence, § 2498. Whether St. 1907, c. 375, be considered as essentially a remedial and remunerative statute or as a penal one, the action brought under it has the elements and characteristics of a civil rather than a criminal proceeding. As was said by C. Allen, J., in *Kelley* v. *Boston & Maine Railroad,* 135 Mass. 448, 449: "The civil action differs in important particulars from the remedy by indictment. The latter is not available as a matter of right, but is a remedy in the name of the Commonwealth, dependent upon the action of the grand jury, and to be enforced by or under the direction of a public officer, and according to the forms of criminal proceedings. The civil action may be instituted by the executor or administrator of the deceased person of his own motion; the trial will be before the court, without a jury, unless a jury trial is demanded by one of the parties; in case of trial by jury, the damages are to be assessed by the jury; the burden of proof will be sustained by

proving the issue by a preponderance of evidence; and the plaintiff will recover or be liable to costs, as the result of the case may be."

4. The charge on the question of due care was ample and correct.

*Exceptions overruled.*