PRUDY A. PRYOR, Respondent, v. JOHN BARTON
PAYNE, Agent of the UNITED STATES RAIL-
ROAD ADMINISTRATION, Appellant.

Springfield Court of Appeals, January 14, 1922.

1. **PENAL STATUTES.** Section 4217, Revised Statutes 1919, is
purely penal, and is in no sense, or degree, compensatory.

2. **LIABILITY OF DIRECTOR GENERAL ON STATE PENALTY
STATUTES.** The Director General is not liable for violation of
the State penalty statutes during federal control, and no recovery
against the director general can be had for such violation.

Appeal from Circuit Court of McDonald County.—*Hon.
Charles L. Henson*, Judge.

REVERSED AND CERTIFIED TO THE SUPREME COURT.

*W. F. Evans, O. R. Puckett* and *Mann & Mann* for
appellant.

(1) The petition states no cause of action. Sec-
tion 4217, R. S. 1919, the Missouri death statute, under
which this action is brought, is entirely penal and not
compensatory in any amount. Grier v. Railroad, 228 S.
W. 454. No action can be maintained against the Di-
rector General of Railroads or the United States Rail-
road Administration under a state penal statute such
as the so-called railroad death statute of Missouri. Mis-
souri Pacific Railroad Company and Walker D. Hines,
Director General, v. Ault, United States Advance Opin-
ions 1920-21, page 647; 65 Law Ed. (2) The court
erred in overruling defendant's demurrer offered at
the close of plaintiff's evidence and renewed at the close
of all the evidence in the case. (a) The court erred
in admitting in evidence testimony of statements made by
the deceased after the accident. Deceased's statements
must be taken as a whole in determining whether they

were a part of the *res gestae;* they cannot be separated and a part thereof held to be of the *res gestae* and the remainder not. What he said following the accident came after time for deliberation, and circumstances surrounding the scene of the accident had changed; his statements were mere historical narratives of a past event and not such spontaneous utterances as to characterize them as verbal acts. Dudley v. Railway, 171 Mo. App. 652-659; State v. Reeves, 195 S. W. 1027; Redmon v. Railway, 185 Mo. 1-11; State v. Hendricks, 172 Mo. 654-672; Barker v. Railway, 126 Mo. 143-147; Grant v. Railway, 172 Mo. App. 334-341; Ruschenberg v. Railway, 161 Mo. 70, 79-81; Dunlap v. Railway, 145 Mo. App. 215, 221; Clack v. Electrical Supply Co., 72 Mo. App. 506, 512; Leahy v. Railway, 97 Mo. 165, 172; Lemen v. Railway, 151 App. 511, 514. (b) Excluding the statements of the deceased as hearsay and not of the *res gestae* there remains no evidence to support the allegations of negligence. A recovery cannot be had by building inference ·upon inference but every inference must be a rational deduction from a fact, or facts, in evidence. See cases cited under our next subdivision. (c) If the declarations of deceased were properly admitted in evidence, defendant's demurrer should have been sustained because the evidence is wholly insufficient to make a prima-facie case under the pleadings. His statements are mere conclusions; there is nothing in any of the statements showing that he was, or had been in a place of danger upon the track for such a length of time that the engineer or fireman could, by the exercise of ordinary care, have seen him and appreciated his peril when their engine was at such a distance from the crossing as would have enabled them to have stopped and avoided the accident. There is no evidence that deceased's peril was such as was obvious to the engineer or fireman; or as to the distance the train was from the crossing when deceased reached the track; or of the distance deceased was from the track when he saw the train. The testimony does not support the contention that deceased was

lying upon the track when struck. His statement was that he was struck by the pilot beam. This was a physical impossibility, unless he was standing when struck. Justice v. Frisco, 224 S. W. 79; Hamilton v. Railway, 250 Mo. 714; Baecker v. Railway, 240 Mo. 507; Rashall v. Railway, 249 Mo. 522; Burge v. Railway, 244 Mo. 94; Carlson v. Railway, 187 S. W. 842; Grear v. Harvey, 177 S. W. 780, 782; Laughlin v. Railway, 144 Mo. App. 185, 199-200; McGee v. Railway, 214 Mo. 530, 534.

*Leo H. Johnson, J. A. Sturges* and *John T. Sturgis* for respondent.

(1) That this statute, sec. 4217, R. S. 1919, is compensatory as well as penal is shown by the fact that it is part of the Damage Act, and is a companion section of sec. 4218, which is purely compensatory, and these two sections supplement each other. It provides for the recovery of damages in cases of negligence resulting in death, and whether the surviving wife, husband and child can recover damages under the one or the other depends merely on the kind of negligence. For example, if a person is killed by a railroad train at a public crossing, and the negligence consists in failing to ring the bell or sound the whistle or to keep a vigilant watch for persons, in danger, on or near the tracks, that is, negligence in operating the train, then the widow may sue and recover under sec. 4217; but, if the negligence consists in having a defective and dangerous crossing, or in failing to keep a watchman at such crossing, then the widow must sue and recover, if at all, under sec. 4218. Culbertson v. Railroad, 140 Mo. 35, 62; Crumpley v. Railroad, 98 Mo. 34-38; Rapp v. Railroad, 106 Mo. 423-428; King v. Railroad, 98 Mo. 235-239; DeBolt v. Railroad, 123 Mo. 496. (2) In all the cases above cited the plaintiff was uniting in one petition a cause of action based on each section of the statute, and that the plaintiff may state a cause of action under both sections and unite same in the same petition is held in Jordan v. Transit Company, 202 Mo. 418. That the statute in question

is both remedial and penal, is well settled. Carver v. Moore, 31 Mo. 574; King v. Railroad, 98 Mo. 235-239; Philpott v. Railroad, 85 Mo. 164-168; Casey v. Transit Company, 116 Mo. App. 235-244; Marsh v. Railroad, 104 Mo. App. 577, 582. (3) Probably the most important question presented to the court is in regard to the admissibility of the statements of the deceased offered in evidence by respondent. For many years the courts have realized the importance of that evidence, which, though technically falling within the class known as hearsay, is nevertheless a part of the *res gestae* and very properly admissible. "The tendency of recent adjudication is to extend rather than to narrow the scope of the doctrine." Brownell v. The Pac. R. R. Co., 47 Mo. 239, 246; Also see citations supra in R. C. L. and C. J.

FARRINGTON, J.,—This action was brought by the plaintiff against John Barton Payne, Agent of the United States Railroad Administration, based on what is now section 4217, Revised Statutes of Missouri of 1919, for the death of her husband, W. A. Pryor.

The petition alleges that W. A. Pryor died on November 25, 1919, as a direct result of an injury received by him on the 23rd day of November, 1919, at a railroad crossing in Newton county, Missouri, and charges that the servants and employees of Walker D. Hines, who was at that time the Director General, were negligent, the petition stating a cause of action under the humanitarian doctrine. The cause was tried in the circuit court of McDonald county, having been taken there on change of venue, resulting in a verdict for the plaintiff in the sum of $2500. The appellant being unsuccessful in having the judgment set aside in the circuit court, has lodged his appeal in this court, and several grounds for reversal are pressed in the brief. The only error assigned is that the court failed to direct a verdict for the defendant. One of these grounds is that the Director General of Railroads, during the period of federal control, is not liable for statutory penalties for violation of State laws, citing as an

authority for that position the case of Mo.-Pac. Ry. Co. and Walker D. Hines, Director General of Railroads, Plaintiff in Error, v. H. A. F. Ault, a case decided by the Supreme Court of the United States, the opinion being delivered June 1, 1921, reported in advance sheets for 1920 and 1921, 65 Law Ed., page 647. In that case the question of the liability of the Director General of Railroads for violation of the State penalty statute during federal control was extensively discussed in an opinion by Mr. Justice BRANDEIS, which received the unanimous sanction of that high court. In that case it was held that there could be no recovery against the Director General for a penalty in violating a State penalty statute.

In the recent case of Grier v. Kansas City, C. C. & St. J. Ry. Co., 228 S. W. 454, the Supreme Court in Banc in an exhaustive opinion by Ragland, Commissioner, held that a recovery under the second section of the damage act, which is section 4217, Revised Statutes of Missouri, 1919, is entirely one of penalty, and that such recovery is in no sense or manner compensatory. In that opinion two members of the court in Banc concur, two concur in result, two dissent, one member of the court not sitting.

Later, the Supreme Court, Division Two, in the case of Lackey v. United Railways Co., 231 S. W. 956, l. c. 962, approved the holding in the Grier case, (228 S. W. 454), all of the Judges of that Division concurring in the opinion on that point.

The question was again touched on by the Supreme Court of Missouri in a case tried in Banc which was the Midwest National Bank & Trust Co. v. Davis, Director General of Railroads, 233 S. W. 406, wherein, on page 412, the court, in speaking of section 4217, Revised Statutes of 1919, held as follows: "This statute is purely penal and is in no sense or degree compensatory, as was held in Grier v. Railway Co., 228 S. W. 454." This opinion was concurred in by all members of the court except GRAVES, J., who dissented, criticising the holding in the Grier case. WALKER, J., dissented on a question foreign to what was said concerning the Grier case. It will be

noted, however, that he was one of the members of the court who concurred in the Grier case. We take it, therefore, that the last holding of the Supreme Court of this State place a recovery under section 4217, Revised Statutes of 1919, as wholly penal. This being true, the Ault case (Adv. Sheets 1920 and 1921, 65 Law Ed. 647), decided by the Supreme Court of the United States, and the case of Norfolk-Southern Railroad Co. v. Owens, handed down on June 1, 1921, and found in the Supreme Court Advance Opinions 1920 and 1921, 65 Law Ed. Ed. 652, which latter case held that the Director General could not be held for penalty imposed by State statute for delay shipment, would clearly bar a recovery of the plaintiff in this cause.

Since, therefore, a recovery under section 4217, Revised Statutes of Mo. 1919, is purely and only penal, we must hold that the trial court erred in not directing a judgment for the defendant. We realize that there are probably a great number of cases still pending in the courts of Missouri based upon the same section of law that this suit was based on, and that it is a matter of much public concern that the question upon which we hold this case must go out of court should be finally settled by the Supreme Court of this State. There are doubtless a number of cases which have been affirmed by the appellate courts in this State wherein recovery was had under section 4217, Revised Statutes of 1919 against the Director General of Railroads for wrongful acts of his servants during the federal control and were upheld. While the question raised and passed on here had not apparently been directly passed on in any opinion, it not having been raised, however, the result of our holding in this case is necessarily in conflict with those cases.

For the purpose of certifying this case to the Supreme Court, we have found one of these cases above referred to is that of Williams v. Walker D. Hines, Director General of Railroads, et al., 229 S. W. 414, wherein the Kansas City Court of Appeals upheld a judgment against the Director General, based upon section 4217,

Revised Statutes of 1919, and the result of that opinion is necessarily in conflict with the result of the opinion in this case. The judgment is reversed and the cause is certified to the Supreme Court as being in conflict with the last named case.

Cox, P. J., and Bradley, J., concur.