MARY J. ARRUDA, administratrix, *vs.* DIRECTOR GENERAL OF RAILROADS.

Bristol.    October 27, November 18, 1924. — February 24, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Practice, Civil,* Ordering verdict, Exceptions.    *Federal Control Act.    Jurisdiction.    Negligence,* Causing death.    *Statute,* Construction.

At the close of the evidence at the trial of an action of tort against the Director General of Railroads, the defendant moved that a verdict for the defendant be ordered without specification of the grounds of the motion.    The trial judge denied the motion and the defendant alleged an exception.    In this court for the first time the defendant contended that there could be no recovery because the damages sought to be recovered were in the nature of a penalty or fine and therefore could not be recovered of the defendant under the controlling federal statutes and rules.    *Held,* that the defendant in this court might raise

any question of law actually involved in the motion although it was not referred to or not thought of at the trial.

The federal government cannot be impleaded in any court except to the extent and upon the terms to which it has consented.

An action of tort against a railroad corporation based upon a cause of action described in G. L. c. 229, § 3, is an action for the recovery of a fine, penalty or forfeiture, and therefore such an action cannot be maintained against the Director General of Railroads in operation of a railroad by reason of the provisions of §10 of the Federal Control Act, 40 U. S. Sts. at Large, 451, 456, and General Order No. 50 of the President.

Tort, by the administrator of the estate of Antonio Soares Arruda, under Sts. 1906, c. 463, Part I, § 63; Part II, 147; 1907, c. 392, for the causing of the instantaneous death of the plaintiff's intestate through negligence of a crossing tender in the defendant's employ or a failure of one in control of a locomotive operated by the defendant to give required signals. Writ dated September 7, 1920.

In the Superior Court, the action was tried before *Morton,* J. Material evidence is described in the opinion. At the close of the evidence, the defendant filed the following motion: "Now comes the defendant in the above entitled action and asks the court to rule that upon the pleadings and upon all the law and the evidence, the plaintiff is not entitled to recover in this action and that a verdict be directed for the defendant." The judge "denied the said motion." No reason for the denial was stated in the record.

There was a verdict for the plaintiff in the sum of $7,500. The defendant alleged exceptions.

*M. G. Gonterman,* (*H. Lawlor* with him,) for the defendant.
*H. F. Hathaway,* (*E. Hathaway* with him,) for the plaintiff.

Rugg, C.J. This is an action of tort. It is brought to recover damages for the instant death of the plaintiff's intestate, which occurred in September, 1919, by reason of the collision of an automobile driven by him while a traveller on a public way, with a locomotive engine, at a crossing at grade with tracks of the New York, New Haven and Hartford Railroad system during the period when it was under federal control pursuant to acts of Congress and a Proclamation of the President. 39 U. S. Sts. at Large, (c. 418) 619, 645. 40 U. S. Sts. at Large, (c. 25) 451. 40 U. S. Sts. at

Large, 1733. 41 U. S. Sts. at Large, (c. 91) 456. The action is brought under St. 1906, c. 463, Part I, § 63, as amended by St. 1907, c. 392, § 1, in force at the time of the death. See now G. L. c. 229, §§ 1, 3. The material parts of that section as amended are: "If a corporation which operates a railroad or a street railway, by reason of its negligence or by reason of the unfitness or negligence of its agents or servants while engaged in its business, causes the death of a passenger, or of a person who is in the exercise of due care and who is not a passenger or in the employ of such corporation, it shall be punished by a fine of not less than five hundred nor more than ten thousand dollars which shall be recovered by an indictment prosecuted within one year after the time of the injury which caused the death, and shall be paid to the executor or administrator, one half thereof to the use of the widow and one half to the use of the children of the deceased; or, if there are no children, the whole to the use of the widow; or, if there is no widow, the whole to the use of the next of kin; but a corporation which operates a railroad shall not be so liable for the death of a person while walking or being upon its railroad contrary to law or to the reasonable rules and regulations of the corporation. Such corporation shall also be liable in damages in the sum of not less than five hundred nor more than ten thousand dollars, which shall be assessed with reference to the degree of culpability of the corporation or of its servants or agents, and shall be recovered in an action of tort, begun within one year after the injury which caused the death, by the executor or administrator of the deceased for the use of the persons hereinbefore specified in the case of an indictment. . . . But no executor or administrator shall, for the same cause, avail himself of more than one of the remedies given by the provisions of this section."

The plaintiff relied upon two grounds of liability: (1) the alleged negligence of a crossing tender in the employ of the defendant and in charge of lowering gates to warn travellers of the approach of trains, and (2) the alleged failure on the part of those in control of the locomotive to give the signals required by St. 1906, c. 463, Part II, § 147 (now G. L. c.

160, § 138) to be given when a locomotive approaches and goes over a crossing at grade with a public way. It was provided by St. 1906, c. 463, Part II, § 245, (now G. L. c. 160, § 232) that when the life of a person was lost at such a grade crossing through collision with an engine of a railroad corporation, and it appeared that the corporation did not give such signals and that the failure to give such signals contributed to such loss of life, "the corporation shall be liable . . . to a fine recoverable by indictment as provided in section sixty-three of Part I or . . . to damages recoverable in an action of tort, as provided in said section, unless it is shown that, in addition to a mere want of ordinary care, the person injured . . . was, at the time of the collision, guilty of gross or wilful negligence, or was acting in violation of law, and that such gross or wilful negligence or unlawful act contributed to the injury."

The defendant seasonably filed a motion that a verdict be directed in its favor. That motion was denied. No grounds seem to have been stated at the trial on which it was urged that the motion ought to have been granted. It does not appear that the presiding judge required counsel for the defendant to specify the propositions of law on which he relied. Therefore the defendant in this court may raise any question of law actually involved in such motion, even though not referred to or not thought of at the trial. *Parrot* v. *Mexican Central Railway*, 207 Mass. 184, 190. *Proctor* v. *Dillon*, 235 Mass. 538, 540.

The defendant argues that the damages here sought to be recovered are in the nature of a penalty or fine and hence cannot be recovered of the defendant under the controlling federal statutes and rules.

The government of the United States was in control and operation of the railroad at the time here in question. It is only by reason of the federal law that any action can be brought against the defendant, and it can be maintained only for grounds and to the extent authorized by that law. The federal government cannot be impleaded in any courts except to the extent and upon the terms to which it has con-

sented.  *Keegan* v. *Director General of Railroads,* 243 Mass. 96, 99.  *Davis* v. *Slocomb,* 263 U. S. 158, 160.

Resort must be had to the decisions of the Supreme Court of the United States to determine the nature and scope of the liability to which the defendant may be subjected.  It was said in *Director General of Railroads* v. *Kastenbaum,* 263 U. S. 25, 27, after quoting § 10 of the Federal Control Act: "By General Order No. 50, the Executive so limited suits to be brought against carriers for injuries to person or property under the section as to exclude those for recovery of fines, penalties and forfeitures.  As we said in *Missouri Pacific R.R. Co.* v. *Ault,* 256 U. S. 554, 563: 'The Government undertook as carrier to observe all existing laws; it undertook to compensate any person injured through a departure by its agents or servants from their duty under such law; but it did not undertake to punish itself for any departure by the imposition upon itself of fines and penalties or to permit any other sovereignty to punish it.' "  It further was said in the opinion in the Ault case, at page 563: "there is nothing either in the purpose or the letter of these clauses [of the federal law] to indicate that Congress intended to authorize suit against the Government for a penalty, if it should fail to perform the legal obligations imposed;" and at page 564: "The purpose for which the Government permitted itself to be sued was compensation, not punishment.  In issuing General Order No. 50, the Director General was careful to confine the order to the limits set by the act, by concluding the first paragraph of the order, 'provided, however, that this order shall not apply to actions, suits, or proceedings for the recovery of fines, penalties, and forfeitures.'  Wherever the law, permitted compensatory damages they may be collected against the carrier while under federal control. . . . But double damages, penalties and forfeitures, which do not merely compensate but punish, are not within the purview of the statute."

The nature of an action like that at bar for death damages under St. 1906, c. 463, Part I, § 63, and kindred statutes, has been discussed in numerous of our decisions.  At com-

mon law the death of a human being could not be the subject of an action at law of any kind. All actions founded on such death are the creatures of statute. Such actions, therefore, depend for their nature entirely upon the terms of the enabling statute. *Carey* v. *Berkshire Railroad,* 1 Cush. 475. *Duggan* v. *Bay State Street Railway,* 230 Mass. 370, 376. *Admiralty Commissioners* v. *Steamship Amerika,* [1917] A. C. 38. *Western Fuel Co.* v. *Garcia,* 257 U. S. 233, 240. The earlier statutes of this Commonwealth authorizing recovery on account of death restricted the remedy to indictment alone. As to railroads, the remedy was subsequently enlarged by giving a civil remedy in addition to the remedy by indictment. By the terms of said § 63 already quoted, under which the present action is brought, the executor or administrator of a person killed in the circumstances disclosed on this record has the choice of invoking the remedy by indictment or of bringing an action at tort, but cannot avail himself of more than one. The history of our statutes on this subject is set forth in great detail in *Hudson* v. *Lynn & Boston Railroad,* 185 Mass. 510, and in *Brooks* v. *Fitchburg & Leominster Street Railway,* 200 Mass. 8. It need not be repeated. It hardly could be thought that a remedy by indictment was anything other than for the "recovery of fines, penalties and forfeitures" excluded by the express words of General Order No. 50 from the classes of suits to which the defendant can be made liable. It was said in *Merrill* v. *Eastern Railroad,* 139 Mass. 252, with reference to an earlier form of the very statute on which the present action is founded, that in important particulars, "no distinction in this respect can be made between an indictment and an action of tort." In other aspects there are differences, as for example, the method of instituting, the burden of proof, and the recovery of costs. *Kelley* v. *Boston & Maine Railroad,* 135 Mass. 448, 449. *Grella* v. *Lewis Wharf Co.* 211 Mass. 54, 59. It has been held in a long line of our decisions that an action of tort for recovery for causing death under this and similar statutes is "punitive," "penal" and in the nature of a "fine." It is not necessary again to collate them. They all are reviewed at considerable length in several recent cases. *Boott Mills* v.

*Boston & Maine Railroad,* 218 Mass. 582, 585. *Hudson* v. *Lynn & Boston Railroad,* 185 Mass. 510. *Brooks* v. *Fitchburg & Leominster Street Railway,* 200 Mass. 8. *Duggan* v. *Bay State Street Railway,* 230 Mass. 370, 376. The principle is briefly but emphatically stated in *Turnquist* v. *Hannon,* 219 Mass. 560, 565. *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566, 568. *Johnston* v. *Bay State Street Railway,* 222 Mass. 583. *Gove's Case,* 223 Mass. 187, 193. *Eldridge* v. *Barton,* 232 Mass. 183, 186. This conclusion has been reached having chief regard to two factors; (1) the origin of the statute as confessedly criminal, and (2) the assessment of damages, not as compensation to the persons to whom they are payable but solely with reference "to the degree of culpability of the corporation or of its servants or agents." In the latest adjudication touching this subject, *Sullivan* v. *Hustis,* 237 Mass. 441, 446, 447, it was said: "The words 'penal' and 'punitive,' which have been used from the beginning to describe the nature of our death statutes, were necessary and accurate because at the first all such statutes were criminal in form and were prosecuted by indictment. Later, when the remedy by action of tort was added . . . the amount to be recovered never has been based on damages sustained by the family of the deceased. . . . The amount recoverable always has been ascertained and assessed with reference to the culpability of the defendant himself or his agents and never with any reference to the actual loss sustained by the plaintiff, or by the widow, the family, or next of kin of the deceased. The words 'penal' and 'punitive' have continued to be used rightly as descriptive of the method of determining the damages recoverable. They also have been used correctly when the rights between themselves of those who have contributed to causing the death of a human being were involved." As there pointed out and decided, the statute has compensatory features and a remedial function because the damages when collected from the defendant are paid to the widow, children or next of kin of the deceased. In that case the receiver of a railroad, appointed by a court of the United States, was held liable to an action founded on the same statute as is the case at bar. That was on the

ground that such a receiver was liable to such an action under the Judicial Code of the United States, 36 U. S. Sts. at Large, 1104, 1105, § 65, to the effect that he "shall manage and operate such property according to the requirements of the valid laws of the State in which such property shall be situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof;" and § 66, to the effect that "Every receiver . . . may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver . . . was appointed." Those words bounding the liability of a receiver appointed by a court of the United States seem to us much more comprehensive than the controlling words of statute and order in the case at bar. By § 10 of the Federal Control Act (March 21, 1918, c. 25, 40 U. S. Sts. at Large, 451, 456), it was provided "That carriers while under Federal control shall be subject to all laws and liabilities as common carriers, whether arising under State or Federal laws or at common law, except in so far as may be inconsistent . . . with any order of the President." By General Order No. 50 of the President, it was in effect provided that the federal government in control of railroads should not be subject "to actions, suits, or proceedings for the recovery of fines, penalties, and forfeitures." That was a valid order. *Missouri Pacific Railroad* v. *Ault*, 256 U. S. 554, 564. The case at bar appears to us manifestly distinguishable from *Sullivan* v. *Hustis*, 237 Mass. 441. It is different in principle from *Atchison, Topeka & Santa Fe Railway* v. *Nichols*, 264 U. S. 348.

We are unable to see our way to hold, in view of our decisions already cited, that the present action does not fall within the classification of "actions, suits, or proceedings for the recovery of fines, penalties, and forfeitures."

Doubtless the effect of § 10 of the Federal Control Act and General Order No. 50 is to deprive dependents of those killed by the operation of railroads by the United States in this Commonwealth of the money which they could have recovered from the railroads under private control, and of the kind of financial aid somewhat analogous to the compensa-

tion permitted in the great majority of States and under some laws of the United States, where statutes authorizing recovery for death are, like Lord Campbell's Act in England, founded on compensation for the loss of the life of the person killed. But, in this particular, our "Massachusetts acts are exactly what Lord Campbell's Act is not." *Hudson* v. *Lynn & Boston Railroad*, 185 Mass. at page 519, and cases there collected. *Michigan Central Railroad* v. *Vreeland*, 227 U. S. 59, 69 to 74.

A conclusion in harmony with the present decision was reached in construing a similar statute in *Howard* v. *Davis*, 209 Ala. 113, and in *Pryor* v. *Payne*, 209 Mo. App. 7; but see *McDaniel* v. *Hines*, 292 Mo. 401.

It may be that the exclusion of the United States in its operation of railroads from liability like that sought to be enforced in the present action was an oversight or unintentional. We cannot supply a *casus omissus*. We can only interpret the law as it was promulgated without regard to our own ideas of expediency. *See* v. *Building Commissioner of Springfield*, 246 Mass. 340, 343. *United States* v. *Weitzel*, 246 U. S. 533, 543.

It follows that the motion for a directed verdict ought to have been allowed. As this is decisive against the plaintiff's right to recover, it is unnecessary to consider the other questions argued.

*Exceptions sustained.*