FRANCESCO A. MACCHIAROLI, administrator, *vs.* BERT E. HOWELL.

SAME *vs.* NELSON LISTER.

Middlesex.    November 15, 1935. — March 31, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Practice, Civil,* New trial, Exceptions. *Negligence,* Causing death.

The propriety of setting aside a verdict and ordering a new trial properly is brought before this court by exceptions, saved at the new trial, to the denial of requests, filed both before and after the empanelling of a jury, for a ruling that the verdict at the first trial had not been set aside and that the second trial should not go forward.

Under G. L. (Ter. Ed.) c. 231, § 127, the Superior Court has jurisdiction to set aside a verdict and order a new trial, in an action of tort under G. L. (Ter. Ed.) c. 229, § 5, for causing death by negligence, on the ground that the damages awarded were inadequate.

Two ACTIONS OF TORT for causing the death and conscious suffering of George A. Macchiaroli. Writs in the

First District Court of Southern Middlesex dated May 6, 1933.

After removal to the Superior Court, the actions were twice tried. The second trial was before *Walsh*, J., where there was a verdict for the plaintiff in each action on the count for death in the sum of $5,031.12. The defendants alleged exceptions.

*W. T. Snow,* (*J. E. Hartnett, Jr.,* with him,) for the defendants.

*J. P. Driscoll,* for the plaintiff, submitted a brief.

RUGG, C.J.    These two cases, arising out of substantially the same facts and tried together to a jury, are presented by a single bill of exceptions touching the second trial of the cases. The declaration in each case contained two counts, the first alleging that the plaintiff's intestate received injuries from which he died through the negligence of the defendant, and the second alleging injuries and conscious suffering from the same cause. A verdict was directed for the defendant on the second count in each case. That is not before us. These exceptions relate to the first count. That count was submitted to the jury and a verdict for $2,175 returned for the plaintiff in each case. The plaintiff seasonably filed a motion in each case that a "new trial be granted on the ground that the damages awarded are inadequate." In each case the order was made: "Motion for new trial allowed after hearing. Verdict set aside on ground that damages awarded are inadequate." In each case, the defendant excepted to this order and a bill of exceptions was allowed. Those bills of exceptions are not before us. Later the cases came on for trial before a different judge. Both before and after the jury were empanelled for this second trial, the defendant filed requests for rulings in each case to the effect that the verdicts at the first trial had not been set aside and that therefore the trial could not go forward. These requests were denied subject to the exceptions of the defendants. The present bill of exceptions relates to those requests. The cases were then tried on the issues of liability and damages and in each a verdict was returned for the plaintiff for $5,031.12. The general con-

tention of the defendants is that the trial judge had no power under the law to set aside a verdict in a death case on the ground that the award of damages was inadequate and that therefore the second trial could not rightly proceed. The procedure was correct. *Brooks* v. *Shaw,* 197 Mass. 376. *Weil* v. *Boston Elevated Railway,* 216 Mass. 545.

Count one was framed on G. L. (Ter. Ed.) c. 229, § 5. It is there provided, with exceptions not here material, that "a person who by his negligence or by his wilful, wanton or reckless act, or by the negligence or wilful, wanton or reckless act of his agents or servants while engaged in his business, causes the death of a person in the exercise of due care, who is not in his employment or service, shall be liable in damages in the sum of not less than five hundred nor more than ten thousand dollars, to be assessed with reference to the degree of his culpability or of that of his agents or servants, to be recovered in an action of tort . . . ." The amount so recovered is to be distributed for the use of the surviving wife or husband and children of the deceased, or, in default of these, to kindred of the deceased as provided in G. L. (Ter. Ed.) c. 229, § 1. An action brought under § 5 is described in § 6 of the same chapter as a "civil action." The cause of action thus created is in § 5 designated as an action of tort. That is a civil action. G. L. (Ter. Ed.) c. 231, § 1. Proceedings to collect damages for death by an action of tort are civil actions. *Grella* v. *Lewis Wharf Co.* 211 Mass. 54, 59. *Kelley* v. *Boston & Maine Railroad,* 135 Mass. 448. *Hudson* v. *Lynn & Boston Railroad,* 185 Mass. 510, 516. *Porter* v. *Sorell,* 280 Mass. 457, 461. The statutory description of that which may be recovered in such an action is "damages." The damages thus recoverable are in the main penal or punitive. They are designed to punish one guilty of causing the loss of a human life through negligence or wilful, wanton or reckless act. They are assessed with reference to the degree of culpability of the defendant and not by way of compensation for any loss sustained by the beneficiaries of the action. *Boott Mills* v. *Boston & Maine Railroad,* 218 Mass. 582. *Brooks* v. *Fitchburg & Leomin-*

*ster Street Railway,* 200 Mass. 8. *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566. *Arruda* v. *Director General of Railroads,* 251 Mass. 255. The statute has compensatory features and a remedial function, because the damages when collected are for the use of the surviving widow or husband and children or other kindred. *Sullivan* v. *Hustis,* 237 Mass. 441, 446–447. These aspects of the statute are highly important but they are not in a strict legal sense directed toward compensation. The chief characteristic of the statute is penal. *Porter* v. *Sorell,* 280 Mass. 457, and cases there reviewed.

Power is conferred upon the court at any time before judgment to "set aside the verdict in a civil action and order a new trial" for any appropriate cause. G. L. (Ter. Ed.) c. 231, § 127. "There can be no doubt as to the power of the court at common law to set aside a verdict as a whole for insufficient as well as for excessive damages." *Simmons* v. *Fish,* 210 Mass. 563, 564, and cases collected. That power has been narrowed not as to its substance but only as to the necessity of a written motion to invoke its exercise and the requirement for a statement of the grounds of its exercise, by G. L. (Ter. Ed.) c. 231, §§ 127, 128. *Loveland* v. *Rand,* 200 Mass. 142. *Wright* v. *Apikian,* 270 Mass. 302. *Mathewson* v. *Colpitts,* 284 Mass. 581, 583. Since the remedy for causing death by negligence in cases like the present is by civil action, all the general incidents of civil actions appertain to such trials, including the right to set aside the verdict when sought according to law and required by the exercise of sound judicial discretion.

The trial judge had power to set aside the verdicts first rendered because the damages awarded were inadequate to constitute appropriate penalty for the culpability of the defendants in causing the death of the plaintiff's intestate. It must be presumed from this record that, in the exercise of sound judicial discretion, the trial judge acted upon that ground in allowing the motions for new trial. Inadequacy of damages in cases like the present means a verdict too small to constitute in all the circumstances a reasonable punishment for the tort committed by the defendant in

causing the death of a human being. The degree of blameworthiness accompanying the fatal act in the conditions disclosed is commonly a matter to be determined by the jury. *Dzura* v. *Phillips*, 275 Mass. 283, 290. The assessment of damages in all cases tried to a jury is in general for that tribunal. But it is a constitutional incident of trial by jury that the assistance and protection of the presiding judge shall be available to the litigants in setting aside verdicts not so supported by law and evidence that they ought to stand. *Opinion of the Justices*, 207 Mass. 606. *Simmons* v. *Fish*, 210 Mass. 563, 565. That principle applies to actions like the present as well as to other causes.

There is nothing in this record to show that there was any abuse of judicial discretion. It cannot be presumed that the setting aside of the verdicts was based on the theory that the needs of the beneficiaries of the actions required larger damages. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 496–497. The order setting aside the verdicts was sufficient in form to constitute compliance with G. L. (Ter. Ed.) c. 231, § 128. *Anti* v. *Boston Elevated Railway*, 247 Mass. 1. It follows, therefore, that the verdicts returned at the first trial were set aside in accordance with law and that the cases were ripe for a second trial.

*Exceptions overruled.*