MARION E. HALL *vs.* ARTHUR A. HAMEL.

Essex.     April 11, 1923. — April 11, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Conflict of Laws.   Negligence,* Motor Vehicle.

The question, whether the operator of a motor vehicle is liable to a guest of his
who is injured while in the motor vehicle in another State because of his opera-
tion thereof, is to be determined according to the law of that State, although such
law holds the operator to a more strict accountability than does the law of this
Commonwealth; and, at the trial in a court of this Commonwealth of an action
of tort for such personal injuries, the question, what was the law of such State
applicable in the circumstances, is one of fact to be determined on all the evidence,
introduced on the subject at the trial.

TORT for personal injuries received by the plaintiff in the town
of Plaistow in the State of New Hampshire while there riding as
a guest of the defendant in a motor vehicle operated by the
defendant.   Writ dated January 19, 1921.

In the Superior Court, the action was tried before *Qua,* J.   The
only evidence as to the law of New Hampshire appearing in the
bill of exceptions was the following: "Robert Doe, a qualified
attorney at law practising in Dover in the State of New Hampshire,
testified that, under the New Hampshire law, if a person riding
with another in an automobile without hire or compensation is
injured by the owner and driver, the plaintiff is not required to
prove gross negligence, but may recover upon ordinary negligence;
that the case of *Carr* v. *Maine Central Railroad,* 79 N. H. 502,
states the doctrine of the law of New Hampshire with reference
to the law of application upon one who undertakes a gratuitous
duty or service; also *Kimball* v. *American Express Co.* 76 N. H.
81; that in New Hampshire the court does not attempt to distin-
guish in terms any definite degrees of negligence, but requires
the average care of the average man; that emergency is one of the
surrounding circumstances from which the jury will decide what
the average man in that situation would have done."

At the close of the evidence, the defendant moved that a verdict
be ordered in his favor.   The motion was denied.   The defendant

then asked for a ruling that, on all the evidence, the plaintiff was not entitled to recover. The ruling was refused. In his charge, the judge instructed the jury on the questions of what the New Hampshire law was, and what was its application to the evidence, in substance as follows: "I do not perceive any conflict in the evidence as to what the law of New Hampshire is, or as to what the defendant's duty toward the plaintiff was, under that law. There is this difference, which I may perhaps refer to in passing, between the law of New Hampshire and the law of this State as applicable to this case: that under the New Hampshire law, the defendant, Mr. Hamel, owed to this young lady who was riding with him at his invitation the duty to use due care under the circumstances. Under the law of this State as now laid down by the Supreme Court, if the accident had happened on this side of the State line his duty to her would have been only the duty to refrain from gross negligence. And gross negligence is a degree of negligence substantially greater than that which must be avoided in order to exercise only due care. And consequently if this accident had happened in Massachusetts, there being in this case no evidence which would come up to the degree of culpability implied by the term gross negligence, it is difficult to see how this plaintiff could have recovered. . . . So much for this question on the application of the New Hampshire law. And in what I will have to say to you from this point on, I shall deal with the New Hampshire law which is applicable to this case, because, as I say, this case is to be tried so far as the law governing the rights of the parties is concerned as if the case were being tried in a court in the State of New Hampshire. Under the law of New Hampshire it was the duty of Mr. Hamel in driving his automobile to use due care toward his passengers, and, what is the same thing, to avoid such negligent conduct as might result in injury to any of them."

The jury found for the plaintiff in the sum of $4,509; and the defendant alleged exceptions.

The case was submitted on briefs.

*S. Parsons, E. Parsons & P. F. Wadleigh*, for the defendant.

*F. P. Garland, F. H. Tilton & A. B. Tyler*, for the plaintiff.

BY THE COURT. This is an action of tort for personal injuries suffered by the plaintiff while riding as a guest of the defendant in his automobile driven by him. The accident occurred in New

Hampshire. The uncontradicted evidence was that according to the law of New Hampshire a guest in an automobile may recover compensation for injury resulting from the ordinary negligence of his host; and that under such circumstances recovery is not confined, as in this Commonwealth, to cases of gross negligence of the host. *Massaletti* v. *Fitzroy,* 228 Mass. 487. There was no exception to instructions to the jury to this effect. The rights of the parties are governed by the law of the jurisdiction where the injury occurred. Plainly it was a question of fact on all the evidence whether the defendant's negligent operation of his automobile harmed the plaintiff while she was in the exercise of due care. It would serve no useful purpose to narrate the evidence.

*Exceptions overruled.*