JOHN M. ROUSSELL, JR. & another *vs.* PETER VOLPE. May 2, 1967. On motions of the defendant the court directed verdicts for the defendant on each of two counts of a declaration in an action of tort in which a minor plaintiff sought recovery for personal injuries and his father for conse-

Rescript Opinions.

quential damages. About four heavy wooden doors fell upon the minor plaintiff while he was at play in the cellar of a cottage owned by the defendant and entirely rented to a third party. The doors had been secured by tying them together with a rope which was also fastened to a stringer or joist above them. The cause of the fall of the doors does not appear in the portions of the transcript designated for our perusal in the outline bill of exceptions and there is no evidence of negligence in the manner in which they were stored. The accident occurred in Seabrook, New Hampshire. We thus apply New Hampshire law. *Hall* v. *Hamel,* 244 Mass. 464, 466. *Goodale* v. *Morrison,* 343 Mass. 607, 610. We discern no error in the allowance of the defendant's motions. The premises on which the minor plaintiff sustained his injury were not within the control of the defendant. *Folsom* v. *Goodwin,* 90 N. H. 467. *St. Cyr* v. *Johnson,* 92 N. H. 197. *Black* v. *Fiandaca,* 98 N. H. 33. While our disposition of this particular case does not turn on the point, we note that the plaintiffs, as excepting parties, failed to file "with or as a part of . . . [their] brief a record appendix reproducing such portions of the designated transcript" as they deemed necessary to their argument. Rule 22 (13) of the Rules for the Regulation of Practice before the Full Court, 345 Mass. 797. This procedure should be followed in cases reaching us with an outline bill of exceptions.

*Exceptions overruled.*

*Albert S. Previte, Jr.,* for the plaintiffs.
*Salvatore J. Basile* (*J. Albert Bradley* with him) for the defendant.


