**Rosemary L. UMBRIAC et al.**

v.

**AMERICAN SNACKS, INC. and Touche Ross & Co.**

**Civ. A. No. 73–1928.**

United States District Court, E. D. Pennsylvania.

Aug. 15, 1974.

Richard A. Ash, Lyman & Ash, Philadelphia, Pa., for plaintiffs.

Jeffrey B. Albert, Goodis, Greenfield, Henry, Shaiman & Levin, Philadelphia, Pa., for American Snacks, Inc.

Michael L. Temin, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for Touche Ross & Co.

## MEMORANDUM AND ORDER

HIGGINBOTHAM, District Judge.

The defendants, American Snacks, Inc. and Touche Ross & Co., have moved the Court under 28 U.S.C. § 1404(a) to transfer this action to the United States

District Court for the District of Massachusetts. While the reasons accompanying defendants' motion are indeed persuasive, after balancing and weighing all the relevant criteria, the Court nonetheless concludes that the inconveniences to defendants presented by this litigation are not so insuperable that they warrant a transfer.

The four plaintiffs in this action are private individuals who reside and are employed in the Eastern District of Pennsylvania. Defendant American Snacks, Inc. ("ASI") is a Delaware corporation, having its principal place of business in Chelsea, Massachusetts. ASI primarily operates "fast food" restaurants throughout the country, maintaining, among other places, 42 units in Massachusetts, 34 units in Florida, 30 units in Ohio, and 30 units in Illinois. For the nine months ending in September 1973, ASI had 14 of its total 305 units, or 4.59%, in Pennsylvania; generated in Pennsylvania $835,257 of the aggregate volume of business of $15,597,825, or 5.35%; and employed here in the Commonwealth 122 persons out of 2,114, or 5.77%. Defendant Touche Ross & Co. ("Touch Ross") is an international firm of certified public accountants which does substantial business in the Eastern District of Pennsylvania.

Plaintiffs' claims in the litigation arise out of their purchase from ASI in March 1969, of twenty-five debentures, each one having a face value of $1,000, bearing 6% interest annually, and maturing in 1989. The complaint alleges that ASI's offering prospectus was misleading in that, among other things, the prospectus (1) overstated the value of the assets; (2) misrepresented the character of the assets; and (3) inflated the earnings of ASI in previous years. Touche Ross was the accounting firm responsible for certifying the financial statements of ASI.

On October 3, 1969, ASI allegedly issued a "News Release," where it was reported that ASI would "write off" $1,100,000 of corporate assets "net of taxes" which was based upon a reevaluation of the assets. Consequently, the debentures earlier offered, dropped substantially in value. Twenty of plaintiffs' twenty-five debentures were thereafter sold for approximately $500 per debenture, or 50% of their original investment. By this action plaintiffs seek, *inter alia,* a rescission of the sale of the remaining five debentures which they retain, and compensatory damages for the loss incurred by their past sale of the debentures at a reduced value.

It appears from the record that the twenty-five debentures were purchased through the Trenton, New Jersey office of Merrill, Lynch, Pierce, Fenner & Smith ("Merrill, Lynch") by plaintiff Cletus M. Lyman for his children at a time when he resided in Hazelton, Pennsylvania, which is not within the Eastern District of Pennsylvania. The Merrill, Lynch stockbroker who sold the debentures lives in Bucks County, Pennsylvania, which is within the Eastern District of Pennsylvania.

28 U.S.C. § 1404 provides in relevant part:

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, states in pertinent part:

". . . Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found."

As a starting point in this analysis, the Court notes that a plaintiff's choice of forum should not lightly be disregarded and is entitled to considerable deference; that the burden of establishing inconvenience rests on the moving party; that the record must heavily and substantially preponderate in favor of the moving party before the plaintiff's choice of forum will be disturbed; and the Court should reach a result which optimally attains the best interest of justice. See, *e. g.*, Wm. A. Smith Contracting Co., Inc. v. Travelers Indemnity Co., 467 F.2d 662, 664 (10th Cir. 1972); Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3rd Cir. 1970), cert. denied, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971); Texas Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir. 1967); Koehring Co. v. Hyde Construction Co., 324 F.2d 295, 296–297 (5th Cir. 1963); Beach v. National Football League, 331 F.Supp. 249, 251 (S.D.N.Y.1971); Raymond E. Danto, Associates, Inc. v. Arthur D. Little, Inc., 316 F.Supp. 1350, 1357–1358 (E.D. Mich.1970); Swanson v. Badger Mutual Insurance Co., 275 F.Supp. 544, 547–548 (N.D.Ill.1967); and Gallen v. Howard D. Johnson Co., 271 F.Supp. 680, 682–683 (S.D.N.Y.1967).

One factor influencing the Court's judgment and seriously militating against a transfer is that this action, though prosecuted under the relevant securities laws, does *not* seek derivative or class relief. The Court is fully aware—and in fact has itself held in Polin v. Conductron Corp., 340 F.Supp. 602, 604–605 (E.D.Pa.1972)—that a plaintiff's choice of forum is less controlling when the suit is of a derivative nature. See, also, Goodman v. Fleischmann, 364 F.Supp. 1172, 1175 (E.D.Pa. 1973); Galfand v. Chestnutt, 363 F. Supp. 296, 298 (E.D.Pa.1973); Professional Adjusting Systems of America, Inc. v. General Adjustment Bureau, Inc., 352 F.Supp. 648, 650 (E.D.Pa.1972); Harris v. American Investment Co., 333 F.Supp, 325, 326 (E.D.Pa.1971); Loeb v. Whittaker Corp., 333 F.Supp. 484, 488 (S.D.N.Y.1971), and Firmani v. Clarke, 325 F.Supp. 689, 691 (D.Del.1971). *Cf.* Altman v. Deramus, 342 F.Supp. 72, 77 (S.D.N.Y.1972).

The Court is impressed by defendants' arguments that all the relevant documents and records pertaining to the issuance and preparation of the prospectus are located in the District of Massachusetts; that many of the officers reside in and around Chelsea, Massachusetts; that the law firm, Nathanson & Rudofski, which was responsible for the preparation of the prospectus is in Boston. But the Court, too, does not want to obfuscate the facts that ASI is a national corporation which transacts business in approximately 30 states, including the Commonwealth of Pennsylvania; the District of Massachusetts is only 300 miles away from this forum; the plaintiffs are individuals who reside and work here; and this is not a derivative stockholder's suit. Moreover, to lessen defendants' burden, plaintiffs have offered to depose some of the witnesses in Boston and to examine and photocopy pertinent documents in Boston. *Cf.* Zorn v. Anderson, 263 F.Supp. 745, 749 (S.D.N.Y.1966).

Though litigation of this suit in this forum may cause some inconvenience to the defendants, the Court finds that these inconveniences can more readily be borne by the corporate defendants rather than the plaintiffs. The defendants have substantial contacts with this forum, whereas plaintiffs have no reason to litigate in the District of Massachusetts except to accommodate the defendants. The Court does not believe the plaintiffs should be required to accord defendants that accommodation. Hence, defendants' motion for a transfer to the District of Massachusetts is Denied.

The denial of defendants' motion to transfer in this action is without prejudice to a reconsideration in the event the Court should grant the defendants' motions to transfer in the companion civil action of Umbriac et al. v. American Snacks, Inc., et al., C.A. 74–549.