**ALLIED INTERNATIONAL PRODUCTS LTD., Plaintiff,**

v.

**TEXTRON INDUSTRIES, INC., et al., Defendants.**

**No. 71 Civ. 5526 (MP).**

United States District Court, S. D. New York.

Oct. 15, 1974.

Rich, Krinsly, Poses, Katz & Lillienstein, New York City, for plaintiff, by Norton I. Katz, and Leslie D. Corwin, New York City, of counsel.

Cravath, Swaine & Moore, New York City, for defendants Textron, Miller, Jefferys and Kornman, by John R. Hupper, and W. Fillmore Wood, Jr., New York City, of counsel.

## OPINION

POLLACK, District Judge.

The defendants who have been summoned herein have moved for an order dismissing this suit on several grounds variously applicable to the defendants or alternatively transferring this action to the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1404(a). Since the action should properly be transferred as requested it is unnecessary for the Court to consider the other specific applications that have been made; those will be reserved for the transferee Court's consideration.

The plaintiff, an Indian corporation, sues herein to recover against the corporate and individual defendants for alleged breach of contract and of fiduciary duties arising out of a so-called Collaboration Agreement, dated June 6, 1964.

According to the allegations of the parties, in 1963 the defendant Textron Industries was approached by a Mr. D. N. Sinha on behalf of the plaintiff and invited to participate in the construction and operation of an industrial fastener plant in India. Thereafter, following a period of investigation and negotiation,

Textron and plaintiff Allied entered into the agreement referred to above. Allegedly pursuant to its terms, the agreement was terminated by Textron by a letter to Allied dated December 22, 1965. On or about December 17, 1971, six years less five days later, Allied filed its original complaint in this action in the office of the Clerk for the Southern District of New York. On or about February 9, 1972 Allied filed an Amended Complaint demanding specific performance of the 1964 contract or $3,000,000 in damages.

The gist of the plaintiff's alleged grievance, which appears in paragraph nine of its Amended Complaint, is that after the execution of the Collaboration Agreement the defendants refused and neglected to perform certain duties and obligations imposed upon them by the agreement. Textron was the owner of ninety-nine (99%) percent of the capital stock of a subsidiary called "Townsend Co. of Beaver Falls, Pennsylvania," which was to supply certain confidential processes and assist the plaintiff in construction and operation of an industrial fastener plant in India to manufacture special fasteners for aerospace, automatic appliance and construction industries, fastening tools, automatic fastening machines and special parts. Plaintiff alleges that defendant Textron's termination of the agreement in December of 1965 was not according to the terms of the agreement.

Section 1404(a) of Title 28 reads:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

■■ It is therefore clearly within the Court's discretion to transfer an action to another District provided that the District to which the action is transferred would have been a proper venue originally. *See* Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955). The burden is on the moving party to make out a clear-cut case for transfer. Ruskay v. Reed, 225 F.Supp. 581 (S.D.N.Y.1963). The criteria in determining a motion for transfer are well known and need not be repeated here. *See* Schneider v. Sears, 265 F.Supp. 257 (S.D.N.Y.1967); Henry I. Siegel Co. v. Koratron Co., 311 F.Supp. 697 (S.D.N.Y.1970).

The subject matter of this litigation has no meaningful connection with the Southern District of New York. Insofar as it can be determined, none of the parties or probable witnesses on behalf of either side reside here, nor did they reside here during the time period in question, nor is there any other meaningful nexus.

Textron's corporate headquarters are in Providence. It maintains all its documents relating to the Collaboration Agreement in those offices, and no employee of Textron connected with the contract nor any likely witnesses are in the Southern District at this time. Textron also contends that requiring its president (Miller) to defend a lengthy suit away from Providence would disrupt Textron's business.

As for the plaintiff, it would seem prosecuting the action in New York or Rhode Island would be equally inconvenient. Its records, evidence, and many of its witnesses are apparently in New Delhi and would need to be flown into this country in any event. Plaintiff argues that the difficulty and expense to it in travel to Providence, Rhode Island would be far more substantial than to travel to New York. It says that there are no direct flights from India to Providence, whereas there are, of course, such flights to New York City. It suggests the possibility that a ticket to Providence cannot be bought with rupees, a problem since the Indian government has stringent controls on exchanging Indian currency for American dollars. Plaintiff says further, that its American collaborator, whose evidence is necessary to prove damages from the alleged breach, has New York offices and a transfer to Rhode Island would be an inconvenience to it. Because defendant

corporation does business in New York and allegedly has its board meetings here, plaintiff believes defending the suit here would be no great inconvenience to it.

The contract between the parties was negotiated in New York in several meetings between the parties, but once the contract was signed, New York was no longer involved in the parties' dealings. The contract was signed by defendant Miller in Providence and by Mr. Sinha, the plaintiff's officer, in New York; the contract itself recites its execution at Providence. Service of process on three of the four served defendants (the corporate defendant, Jefferys and Miller) took place in the District of Rhode Island, the fourth (Kornman) having been purportedly served in Pennsylvania. As mentioned above, apparently no parties or witnesses connected with the contract resided in the Southern District of New York during the period in question nor reside here at the present time.

■ Defendants assert that Rhode Island law is the substantive law applicable to this contract. If so, there is some precedent for considering this on a motion to transfer to the federal district in the state whose law applies. *See* Conte v. Flota Mercante del Estado, 277 F.2d 664 (2d Cir. 1960).

■ The various obligations of the parties under the contract would have been carried out in locations other than the Southern District of New York. It seems reasonably clear that the claim arose in Rhode Island. All performance under the contract was undertaken either in Rhode Island or India, and all decisions by Textron relating to the contract were made in its Providence offices; it was there that the decision to terminate was made and from there that the notice to plaintiff to terminate the contract was sent. Rhode Island is thus a District in which the action might have been brought pursuant to 28 U.S.C.

§ 1391, the general federal venue statute. It is also the District in which the convenience of the parties and witnesses may best be served. Furthermore it appears likely that Rhode Island law is the applicable subtantive law and consequently the District Court for the District of Rhode Island would seem to be the most appropriate tribunal in which to try Allied's claim. It is appropriate for this Court to consider the relative congestion of Court calendars on an application to transfer and it is likely that a case docketed in Rhode Island would come to trial approximately as soon if not sooner than one pending in the Southern District of New York. *See Wibau Westdeutsche Industrie Und Strassenbaumachinengesellschaft* v. *American Hoist & Derrick Co.*, 293 F. Supp. 273 (S.D.N.Y.1968).

■ While ordinarily the plaintiff's choice of forum is entitled to weight in considering a motion to transfer, *see Ruskay, supra,* the cases also indicate that where the plaintiff sues in a forum which is not its home and has no ties to the controversy, plaintiff's choice of forum is to be accorded less weight than would ordinarily be the case. *See Wibau, supra.*

■ Considering all the facts and circumstances before the Court, it clearly appears that the convenience of the parties and witnesses and the interests of justice require that this case be transferred as requested to the United States District Court for the District of Rhode Island.

In accordance with Rule 7 of the General Rules of this Court the Clerk shall upon the expiration of five days mail to the Court to which the case is transferred (1) certified copies of the Court's opinion ordering the transfer and of the docket entries in the case, and (2) the originals of all other papers on file in the case.

It is so ordered.