**Jay HERMAN, Plaintiff,**

v.

**DOUG FRANK DEVELOPMENT CORP., et al., Defendants.**

**No. 74 Civ. 3365.**

United States District Court, S. D. New York.

Nov. 26, 1974.

**768**

Booth, Lipton & Lipton, New York City, for plaintiff; Philip Pierce, Will B. Sandler, Ronald D. Shindler, New York City, of counsel.

Reavis & McGrath, New York City, for defendants William Myers, William Haeussler, Arnold Horwitch and Patrick Moraca; Stephen R. Steinberg, Paula B. Fenton, New York City, of counsel.

D'Amato, Costello & Shea, New York City, for defendant Laventhol, Krekstein, Horwath & Horwath; Robert E. Meshel, New York City, of counsel.

Feiner, Curtis, Smith & Goldman, New York City, for defendants Doug Frank Development Corp., Douglas E. Frank, Michael H. Folb, Milton H. Corwin, John A. Pizer and Walter P. Siders.

Carter, Ledyard & Milburn, New York City, for defendant U. S. Trust Co.

## OPINION

EDWARD WEINFELD, District Judge.

This is a motion for transfer of this action to the District of Arizona pursu-ant to 28 U.S.C., section 1404(a). Movants are four outside directors of Doug Frank Development Corp. ("DFDC") and the accounting firm of Laventhol, Krekstein, Horwath & Horwath, all of whom are defendants in this action.

Plaintiff brought this class action suit against defendants alleging various violations of the securities laws and common law claims in connection with the sale to the public of limited partnership interests in Western Properties Limited Partnership ("Western"), of which DFDC is the general partner.

As plaintiff acknowledged in oral argument and as his class action allegations indicate, the principal claim is that the Western offering prospectus contained material misstatements and omissions concerning DFDC and Western. It is alleged that the prospectus was misleading as to DFDC's financial capabilities as general partner of Western, the cost and time of completion of Western projects, and the tax status of Western under the Internal Revenue Code. The complaint also alleges United States Trust Company was *de facto* an underwriter of the Western offering, that it failed to properly investigate DFDC and Western, that it distributed false and misleading reports as to plaintiff's investment, and that it negligently recommended Western to plaintiff.

Based upon a consideration of the relevant factors which govern motions for transfer under 28 U.S.C., section 1404(a),[1] the court concludes that the balance of convenience weighs in favor of transfer.

Accepting plaintiff's statement that the vast majority of the members of the proposed class live in or near this district, it nevertheless remains true that the testimony of these purchasers of Western limited partnership interests will be comparatively brief and that most of the disputed fact issues concern

1. A. Olinick & Sons v. Dempster Bros., 365 F.2d 439 (2d Cir. 1966); Levine v. Financial Programs, Inc., 318 F.Supp. 952 (S.D.N.Y. 1969); Schneider v. Sears, 265 F.Supp. 257 (S.D.N.Y.1967).

parties, witnesses, and documents located in the transferee forum of Arizona. Twelve of the thirteen defendants, including DFDC, its officers and directors, Western, and DFDC and Western's auditors—the Laventhol accounting firm, reside in Arizona.[2] Western's apartment projects are located in Arizona, Colorado, Nevada, and Texas, and several witnesses whose testimony is material as to the cost overruns and time delays are located in or near Arizona. Further, Western has filed a petition under Chapter XI of the Bankruptcy Act in the District of Arizona, thus giving that court exclusive jurisdiction over its property, including its books and records.[3] Additionally, it appears likely that individual Arizona defendants will assert a "due diligence" defense under section 11(b)(3) of the 1933 Securities Act.[4]

There is no dispute that under section 22(a) of the 1933 Securities Act,[5] section 27 of the 1934 Exchange Act,[6] and section 214 of the Investment Advisors Act,[7] this action could have been brought in the District of Arizona.[8]

No doubt, as in most cases, some degree of inconvenience will be caused to the parties regardless of where the case is tried. Plaintiff points to the fact that this district is his choice of forum,[9] that he has retained consultants in or near this district to investigate defendants' conduct,[10] and that defendant United States Trust Company

resides in this district. But in view of the multiple factors favoring transfer and the lack of any opposition to a transfer from United States Trust Company, the motion is granted.

2 *See* Levine v. Financial Programs, Inc., 318 F.Supp. at 955.

3. § 311 of the Bankruptcy Act, 11 U.S.C. § 711. *See* Schneider v. Sears, 265 F.Supp. at 266.

4. 15 U.S.C. § 77k(b)3.

5. 15 U.S.C. § 77v(a).

6. 15 U.S.C. § 78aa.

7. 15 U.S.C. § 80b–14.

8. Van Dusen v. Barrack, 376 U.S. 612, 616–626, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960).

9. This factor is to be given some consideration, but not the great weight it once commanded under the doctrine of *forum non conveniens*. Norwood v. Kirkpatrick, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955).

10. The convenience of expert witnesses, however, is not a significant factor in deciding the appropriateness of a 1404(a) transfer, Levine v. Financial Programs, Inc., 318 F. Supp. at 955; Roller Bearing Co. of America v. Bearings, Inc., 260 F.Supp. 639, 640 (E.D.Pa.1966); Oil & Gas Ventures—First 1958 Fund, Ltd. v. Kung, 250 F.Supp. 744, 754–758 (S.D.N.Y.1966).