Michael **BERGER**, as Executor of the Estate of Maxine Winer, Deceased, Plaintiff,

v.

**WINER SPORTSWEAR, INC.,** et al., Defendants.

**WINER SPORTSWEAR, INC.,** and Robert S. Winer, as Executor of the Estate of Melvin Winer, Deceased, Third-Party Plaintiffs,

v.

**UNITED STATES** of America, Third-Party Defendant.

74 Civ. 532 (JMC).

United States District Court, S. D. New York.

May 30, 1975.

**1111**

Kreindler & Kreindler, New York City (Alan J. Konigsberg, New York City, of counsel), for plaintiff.

Brady, Tarpey, Downey, Hoey, P.C., New York City (John J. Palmeri, New York City, of counsel), for Winer Sportswear, Inc. and Robert S. Winer, as Executor of the Estate of Melvin Winer.

Bigham Englar Jones & Houston, New York City (James B. McQuillan, New York City, of counsel), for Cessna Aircraft Co.

Paul J. Curran, U. S. Atty., S.D.N.Y. (Peter C. Salerno, Asst. U. S. Atty., and George E. Farrell and George Fleming, Attys., Dept. of Justice, Washington, D. C., of counsel), for United States.

## OPINION AND ORDER

CANNELLA, District Judge:

This is an action to recover damages for the wrongful death and conscious pain and suffering of the plaintiff's decedent, Maxine Winer, who died as the result of a crash of a twin-engine Cessna aircraft in the vicinity of Logan International Airport, Boston, Massachusetts, on March 2, 1972. The defendants are the personal representative of the decedent's husband, Melvin Winer (the pilot of the aircraft at the time of the accident), Winer Sportswear Inc. (the owner of the airplane) and Cessna Aircraft Co. (the craft's manufacturer). Each of the defendants is charged with negligence and, in addition, certain prod-

**1112**

ucts liability claims are asserted against Cessna. Predicating jurisdiction upon the Federal Tort Claims Act, the defendants Winer Sportswear and the Estate of Melvin Winer have impleaded the United States as a third-party defendant (Fed.R.Civ.P. 14(a)). The third-party plaintiffs allege that the March 2, 1972 accident was caused, in whole or in part, by the negligent conduct of the F.A.A. air traffic controllers at Logan Airport. (The allegations of the third-party complaint are set out in full in the margin.)[1] Indemnity or, alternatively, contribution from the Government is sought by the third-party plaintiffs if they are found liable and cast in damages to the plaintiff on the primary claim. The Government has now moved to dismiss the third-party action pursuant to Fed.R.Civ. P. 12(b)(6) on the ground that no legally cognizable claim has been stated. By a separate motion, the United States has moved to transfer this action to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a). For the reasons expressed below, the motion to dismiss is hereby granted in part and denied in part and the venue motion is hereby denied.

## THE MOTION TO DISMISS

■■ We start our inquiry by noting the well-recognized proposition that the United States may be impleaded as a third-party defendant under Fed.R.Civ. P. 14(a) when jurisdiction is asserted under the Federal Tort Claims Act and the claim raised is one which might have been made against it in an independent suit. United States v. Yellow Cab Co., 340 U.S. 543, 553, 71 S.Ct. 399, 95 L.Ed. 523 (1951); 6 C. Wright & A. Miller, Federal Practice and Procedure § 1450 at 275 (1971). However, "[f]or impleader to be proper when the United States is involved, there must be a substantive right to relief asserted by the third-party plaintiff. . . ." 6 C. Wright & A. Miller, *supra* at 277. Under the provisions of the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and §§ 2671–80, the

1. The allegations of the third-party complaint are as follows:

FIFTH: At all times hereinafter mentioned the Federal Aviation Administration is a duly authorized agency of the United States of America and as such, its servants, agents, and employees managed, operated and controlled on March 2, 1972 the Air Traffic Control facilities at Logan International Airport, East Boston, Massachusetts.

SIXTH: That the aforementioned crash of the Cessna 421, registration #N456CB was caused solely and through the negligence of the third-party defendant, its servants, agents and employees without any negligence on the part of the third-party plaintiffs contributing thereto.

SEVENTH: That the negligence of the United States of America through the employees, agents and servants of the Federal Aviation Administration consisted of its failure to provide adequate separation for the Winer Sportswear, Inc. plane behind a Northeast DC–9 that had previously taken off; that it is also further negligent in failing to warn the Winer Sportswear plane of the anticipated wake turbulence from the Northeast DC–9 as required by the Federal Aviation Administration Rules and Regulations; that the third-party defendant was further negligent in that knowing of the heavy airplane traffic at that time, both incoming and outgoing, the difficulty in seeing the runway due to poor visability, the Air Traffic Controller, while acting in the scope of his employment permitted himself to become distracted from his duties and responsibilities by engaging in an unauthorized conversation with a pilot; the third-party defendant, its servants, agents and employees were further negligent in not authorizing a proper take off so as to avoid any wake turbulence; the third-party defendant, its agents, servants and employees were further negligent in not acting properly and reasonably under all the circumstances then and there existing; and for being otherwise negligent and careless in the premises.

EIGHTH: The accident and damages alleged in plaintiff's complaint were caused or contributed to by the negligence of the third-party defendant, UNITED STATES OF AMERICA.

NINTH: By reason of the foregoing the third-party defendant, UNITED STATES OF AMERICA is or may be liable to third-party plaintiffs for all or part of plaintiff's claim against third-party plaintiffs.

Third-party Complaint at 2–3.

substantive liability of the United States must be assessed "in accordance with the law of the place where the act or omission occurred" (28 U.S.C. § 1346(b)), here Massachusetts. Because of this statutory requirement the usual choice of law principles applicable to solely private disputes are put aside and the Court is directed to apply "the whole law of the State where the act or omission occurred," including that state's choice of law rules.[2] Richards v. United States, 369 U.S. 1, 11, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962) *(and see* the discussion at pp. 10–15, 82 S.Ct. 585). *See also,* Sanchez v. United States, 506 F.2d 702, 703–04 (10 Cir. 1974); Bibler v. Young, 492 F.2d 1351, 1357 (6 Cir.), cert. denied, 419 U.S. 996, 95 S.Ct. 309, 42 L.Ed.2d 269 (1974); Hayes v. United States, 367 F.2d 340, 341 n. 1 (2 Cir. 1966); Klein v. United States, 339 F.2d 512, 515 (2 Cir. 1964); In re Silver Bridge Disaster Litigation, 381 F.Supp. 931 (S.D.W.Va.1974); Cordaro v. Lusardi, 354 F.Supp. 1147, 1149–50 (S.D. N.Y.1973).

Unlike New York, Massachusetts continues to adhere to the "Bealean" choice of law approach advanced in the First Restatement—the doctrine of *lex loci delicti.*[3] Thus, whether or not the third-party plaintiffs may recover indemnity or contribution from the United States under the Tort Claims Act depends upon whether private persons similarly situated would be liable under the prevailing Massachusetts law—the law of the place of the tort. 28 U.S.C. §§ 1346(b) and 2674. The issue at bar was well-framed by a recent decision of the Fifth Circuit Court of Appeals, Certain Underwriters at Lloyd's v. United States, 511 F.2d 159, 161 (1975), in the following terms:

> It is clear that the United States can be sued for contribution [or indemity] as a joint tortfeasor through the provisions of the Tort Claims Act, if a right of contribution exists under state law. 28 U.S.C.A. § 1346(b), § 2674; United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523 (1951); United States

2. We recognize that the application of the law of the state where the act or omission occurred, including that forum's choice of law rules, regarding claims against the Government may work anomalous results where the law applicable to the claims of the private parties in suit is different because another corpus of conflict of laws principles pertain. However, this result is clearly mandated by *Richards,* 369 U.S. at 10–15, 82 S.Ct. 585, and, indeed, Mr. Chief Justice Warren recognized that under the *Richards* holding "a situation may arise where a District Court could not determine the Government's and a private individual's liability in exactly the same manner." *Id.* at 12 n. 25, 82 S.Ct. at 592. *See also,* 1 L. Jayson, Handling Federal Tort Claims § 218.02 at 9–148 et seq. (1974); Note, 10 U.C.L.A.L.Rev. 681, 689 n. 43 (1963); The Supreme Court, 1961 Term, 76 Harv.L.Rev. 54, 193–94 (1962); Note, 61 Mich.L.Rev. 180, 183 (1962). The U.C.L.A. Note states "under this view [*Richards*] a disparity as between the law applicable to the government and a private individual might result . . . ." 10 U.C.L.A.L.Rev. at 689 n. 43.

3. *See,* Doody v. John Sexton & Co., 411 F. 2d 1119, 1121 (1 Cir. 1969) ("Under Massachusetts law the doctrine of *lex loci delicti*

ordinarily governs actions of tort."); Juliano v. Hobart Mfg. Co., 200 F.Supp. 453, 455 (D.Mass.1961), aff'd, 303 F.2d 830 (1 Cir. 1962) *(per curiam)* ("under Massachusetts law . . . the ordinary rule of conflicts in tort cases is to apply the law of the place of the wrong."); Roussell v. Volpe, 352 Mass. 777, 225 N.E.2d 899 (1967); Brogie v. Vogel, 348 Mass. 619, 205 N.E.2d 234, 236 (1965) ("In Massachusetts the substantive law governing an action of tort for physical injury is that of the place where the injury occurred."); Trundel v. Gagne, 328 Mass. 464, 465–66, 104 N.E.2d 489, 490 (1952) ("All substantive rights of action growing out of the injury and death of the plaintiff's intestate necessarily have their origin in the law of the place where the wrong was done. This principle is well settled both as to actions for injuries and as to actions for death."); Hall v. Hamel, 244 Mass. 464, 138 N.E. 925 (1923); Burke v. Lappin, —— Mass.App. ——, 299 N.E.2d 729, 734 (App.Ct. Mass.1973) ("The substantive rights of the parties . . . on the tort counts in this action are governed by the law of . . . the state where the tort was committed."); *contra,* Tessier v. State Farm Mutual Ins. Co., 334 F.Supp. 807, 808 (D.Mass.1971) (dictum), aff'd, 458 F.2d 1299 (1 Cir. 1972).

Lines, Inc. v. United States, 470 F.2d 487 (5th Cir. 1972). The act was only meant to confer a procedural remedy, however, and did not create a substantive cause of action. Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953); Van Sickel v. United States, 285 F.2d 87 (9th Cir. 1960); Lloyd's London v. Blair, 262 F.2d 211 (10th Cir. 1958). Therefore, the controlling question is whether the substantive law of [Massachusetts] permits [indemnification or] contribution recovery from the United States under the facts of this case.

*See also,* United States Lines, Inc. v. United States, 470 F.2d 487, 490 (5 Cir. 1972); Murray v. United States, 132 U.S.App.D.C. 91, 405 F.2d 1361, 1363–64 (1968); Emmert v. United States, 300 F.Supp. 45, 47 (D.D.C.1969); Kantlehner v. United States, 279 F.Supp. 122 (E.D.N.Y.1967); 1 L. Jayson, Handling Federal Tort Claims § 164 at 5–188 et seq. (1974).

*Wrongful Death*

■ Prior to recent legislative amendments which are not retroactively applicable to the instant suit (Mass.Session Laws 1973, ch. 699, effective Jan. 1, 1974, codified in Mass.Ann.Laws ch. 229, § 2 (1974)), Massachusetts law allowed only for wrongful death damages which were punitive in nature. As Mr. Justice Douglas pointed out in Massachusetts Bonding & Ins. Co. v. United States, 352 U.S. 128, 129, 77 S.Ct. 186, 187, 1 L.Ed.2d 189 (1956), under Massachusetts law "[t]he assessment of damages with reference to the degree of culpability of the tort-feasor, rather than with reference to the amount of pecuniary loss suffered by the next of kin, makes those damages punitive in nature. . . . 'The chief characteristic of the statute is penal.'" *See also,* Gaudette v. Webb, —— Mass. ——, 284 N.E.2d 222, 229 (Mass.Sup.Jud.Ct.1972); Porter v. Sorell, 280 Mass. 457, 182 N.E. 837 (1932); Boott Mills v. Boston & Maine R. R., 218 Mass. 582, 106 N.E. 680 (1914). As the Supreme Judicial Court of Massachusetts phrased the proposition in Porter v. Sorell, *supra,* 182 N.E. at 839,

> there is manifested in our death statutes in their present as much as in their earlier forms the clear legislative intent that by means of a judgment in an action of tort adequate punishment shall be meted out to the negligent killer of a human being.

In light of the punitive nature of the former Massachusetts death statute and the rule that damages be assessed with reference to the degree of a tortfeasor's culpability, the courts of that state long ago recognized that indemnity and contribution could not be had between joint tortfeasors in death actions.

> The death statutes have as a purpose punishment. Punishment is a personal thing. There can be no vicarious atonement for the wrongful act of killing a human being which act by the death statutes the Legislature manifestly intended to punish.

Porter v. Sorell, *supra,* 182 N.E. at 839. This rule was definitively established by the Supreme Judicial Court in Boott Mills v. Boston & Maine R.R., *supra.* In that case the court concluded that one who has been *punished* by paying wrongful death damages cannot recover over from another who has contributed to the wrongful conduct. The Court declared:

> It is an unavoidable consequence of the proposition that the damages recovered for death under [the wrongful death statute] are punitive and not compensatory in character that [a tortfeasor], who has been punished by paying the amount of a verdict against him, cannot recover over from one who has contributed to the wrongful conduct on which that verdict was founded. The [tortfeasor] has been required to pay simply damages proportioned to his own wrong and nothing more. Plainly he has not been compelled to pay for the wrongful conduct of any one else for which he is in no way blameworthy. It would be almost a contradiction in terms to say that one could recover over from an-

other a penalty to which he has been subjected for his own wrongdoing. It would be directly contrary to the theory on which recovery over is allowed . . . . The idea of a penalty or punishment excludes liability on the part of anybody except the wrongdoer.

106 N.E. at 684–85.

In the subsequent decision of Porter v. Sorell, *supra,* the Supreme Judicial Court reemphasized the rule and expanded upon its rationale in these words:

The nature of the liability of two negligent slayers under the death statutes as expressed by the verdicts against them is not one and indivisible. It is just the opposite. In nature their liability necessarily, in view of the punitive purpose of the statutes, is divisible, since each is liable to the extent only of his individual culpability. The foundation of an action under the death statutes is the punishment of negligent causers of death. The payment by one concurrent wrongdoer of his penalty determined in accordance with the statutes does not, within the limitations set by the statutes, affect the fundamental obligation of another such wrongdoer to pay the particular penalty fixed for his own wrong.

182 N.E. at 840. The Court again concluded that principles of indemnity and contribution are "not applicable in cases brought under the death statutes whose object is punishment." *Id.*[4]

In view of the foregoing authorities, which have been adhered to in Massachusetts without exception, we conclude that the claim asserted by the third-party plaintiffs against the United States for indemnity or contribution over for damages to the plaintiff for the decedent's wrongful death must fail. The Massachusetts law here applicable does not allow for such third-party liability and, as we are compelled to apply such law to the matter at bar, we find that there exists no substantive right of action against the United States with regard to the death claim.[5]

*Conscious Pain and Suffering*

■ A claim for conscious pain and suffering prior to death is an "ordinary" tort under Massachusetts law and, unlike wrongful death, is purely compensatory in nature.[6] Thus, the question now presented is whether a private person could be held liable under Massachusetts law for indemnity or contribution to a joint tortfeasor for such negligence.

The present claim of the third-party plaintiffs for indemnification from the Government on the conscious pain and suffering cause of action must be dismissed. Under Massachusetts law the

---

4. This principle was more recently reaffirmed in 1962, when the Massachusetts legislature adopted an act governing contribution among joint tortfeasors (Mass.Ann.Laws ch. 231B, § 1–4 (1974)). At that time, a provision relating to wrongful death cases was specifically deleted from the proposed draft. As one commentator explained:

The act, as originally proposed, contained a provision for its application in cases of joint liability for wrongful death. Inasmuch as this provision was stricken, it seems that the enacted statute is not intended to control such cases, probably because, in Massachusetts, damages for wrongful death are considered punitive rather than compensatory.

Comment, 43 B.U.L.Rev. 417, 419 (1963) (footnote omitted). *See also,* McCarthy & Burns, The Impleader Statute—An Analysis, 51 Mass.L.Q. 51, 59 (1966).

5. The reliance of the third-party plaintiffs upon the *Massachusetts Bonding* case, *supra,* is inapposite. As Mr. Justice Douglas pointed out, 352 U.S. at 134, 77 S.Ct. at 189, under 28 U.S.C. § 2674 a two step analysis must be engaged in: "(a) the adoption of the local law—whether punitive or compensatory—to determine the existence of liability of the United States, and (b) the substitution of 'compensatory' for 'punitive' damages where local law provides only the latter." In the matter at bar, then, the local law of Massachusetts must control our determination of the existence of the Government's liability, if any, and the second paragraph of § 2674, which alters the local measure of damages, is without impact. *Cf.,* D'Ambra v. United States, 481 F.2d 14 (1 Cir. 1973).

6. *See, e. g., Boott Mills, supra,* 106 N.E. at 684 ("damages for conscious suffering . . . are compensatory").

settled rule (with certain limited exceptions) is "that ordinarily one who has defended and lost an action of tort for his own negligence cannot recover for indemnity against another." Ford v. Flaherty, —— Mass. ——, 305 N.E.2d 112, 115 (Mass.Sup.Jud.Ct.1973).[7] *See also,* Panico v. Whiting Milk Co., 335 F.Supp. 315, 317–18 (D.Mass.1971); Afienko v. Harvard Club of Boston, —— Mass. ——, 312 N.E.2d 196, 207–08 (Mass.Sup.Jud. Ct.1974); Stewart v. Roy Bros., Inc., 358 Mass. 446, 265 N.E.2d 357, 365 (1970). In the instant case, in order to trigger liability upon the third-party claim against the Government at least one of the third-party plaintiffs would have to be found negligent and liable to the plaintiff. This being so, no claim for indemnity over can lie against the United States.

With regard to the third-party plaintiffs' claim for contribution from the Government for any damages assessed for the decedent's conscious pain and suffering, a similar result does not pertain. Under the common law of Massachusetts no right of contribution among joint tortfeasors was recognized. Burke v. Hodge, 211 Mass. 156, 97 N.E. 920, 923–24 (1912); Old Dominion Copper Mining & Smelting Co. v. Bigelow, 203 Mass. 159, 89 N.E. 193, 219 (1909). This rule was abrogated, however, by the passage of the Contribution Among Joint Tortfeasors Act in 1962. Mass.Ann. Laws ch. 231B, §§ 1–4. § 1 of the Act provides as follows:

(a) Except as otherwise provided in this chapter, where two or more persons become jointly liable in tort for the same injury to person or property, there shall be a right of contribution among them even though judgment has not been recovered against all or any of them.

(b) The right of contribution shall exist only in favor of a joint tortfeasor, hereinafter called tortfeasor, who has paid more than his pro rata share of the common liability, and his total recovery shall be limited to the amount paid by him in excess of his pro rata share. No tortfeasor shall be compelled to make contribution beyond his own pro rata share of the entire liability.

The Act clearly created a substantive right of contribution, but at its passage one commentator expressed certain doubts concerning whether that right could be enforced by impleader.

It is here necessary to point out another fundamental weakness of the statute—its failure to provide for impleader or third party practice. Under the statute as enacted, there is no way to avoid the time and expense of multiple litigation unless the plaintiff elects to join in one suit, and subsequently recovers judgment against, all parties who may be liable to him for his injury. The absence of an impleader provision in effect undermines what should be one of the basic purposes of the act.

Comment, *supra* n. 4, 43 B.U.L.Rev. at 424. This defect in the statutory scheme was remedied by the subsequent passage of an impleader statute, Mass.Ann. Laws ch. 231, § 4B [8] as well as by the

---

7. The court in Ford v. Flaherty explained the proposition in these words:
   The principle has long been clearly stated by this court: "It is simply this: If a party is obliged to defend against the act of another, against whom he has a remedy over, *and defends solely and exclusively the act of such other party, and is compelled to defend no misfeasance of his own* . . . [he may recover from the other party] not only for the amount of damages recovered, but for all reasonable and neces-

sary expenses incurred in such defense" (emphasis supplied). Westfield v. Mayo, 122 Mass. 100, 109 (1877) [citations omitted]. In a few cases indemnity has been allowed to persons who were not free of fault, but the facts and reasoning of those exceptional cases are not apposite here [citations omitted].
   305 N.E.2d at 115.

8. Some lingering doubts remained.
   It is uncertain whether the impleader statute was passed in response to criticism

adoption of Rule 14(a) of the Massachusetts Rules of Civil Procedure.[9] Mass.R.Civ.P. 14 is patterned after Fed. R.Civ.P. 14 and it clearly envisions that a claim for contribution founded upon Mass.Ann.Laws ch. 231B can properly be asserted in a third-party action. As the Reporters Notes to Mass.R.Civ.P. 14 point out:

> Rule 14 frankly aims at telescoping litigation. It will therefore find appropriate use in situations of indemnity, and in situations testing the possibility of joint contributions among tortfeasors (GL c 231B §§ 1–4) . . . . Because Rule 14 expressly allows what is in effect anticipatory litigation, a third-party defendant may not and should not object on the grounds that the defendant's liability has not yet been established.

Hence, it is now clear that as a matter of Massachusetts law a third-party claim for contribution is properly asserted in circumstances such as those under consideration.

Moreover, even if Massachusetts law did not allow for the making of such a third-party claim, it could nonetheless be asserted in federal court. A substantive right of contribution having been recognized under Massachusetts law, that right can properly be invoked through the impleader mechanism contained in Fed.R.Civ.P. 14(a). *See,* 6 C. Wright & A. Miller, *supra,* § 1448 at 263–67; 3 J. Moore, Federal Practice ¶ 14.03[3] at 14–154–158 and ¶ 14.08 at 14–243–246 (2 ed. 1974).

## THE TRANSFER MOTION

■ In addition to moving for the dismissal of the third-party action, the United States has also moved for a change of venue pursuant to 28 U.S.C. § 1404(a). That statute, which codifies and expands upon the common law doctrine of *forum non conveniens,* states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In a leading decision, Schneider v. Sears, 265 F.Supp. 257, 261 (S.D.N.Y. 1967), Judge Weinfeld recognized that

> [t]wo basic issues are presented by a motion under this section: first, whether the actions sought to be transferred "might have been brought" in the proposed transferee forum; and second, whether the convenience of parties and witnesses and the interest of justice would be best served by the transfer. [Footnotes omitted.]

In the instant case, no party contends that this action could not have been brought in the District of Massachusetts nor that jurisdiction and venue would not properly lie there. Rather, the sole question presented on the Government's application is "whether the convenience of the parties and witnesses and the interest of justice would be best served by the transfer." Again, *Schneider v. Sears* provides guidance for the decisional process and highlights the relevant considerations.

that it was necessary for the effective implementation of the contribution statute, or simply because an impleader provision was thought to be a necessary adjunct to G.L. c. 231, § 4A. See Report of the Judicial Council of Massachusetts for 1963, pp. 59–60; compare the comments on Chapter 231B in Hennessey, Torts: Indemnity and Contribution, 47 Mass.L.Q. 421, 434–35 (1962) and in Comment, 43 B.U.L.Rev. 417 at 427 (1963). In any event, it is certain that impleader will be used extensively in connection with the contribution statute. . . . The discussion assumes that the problem of accelera-

tion of liability will not preclude the use of impleader in connection with the right to contribution under G.L. c. 231B, §§ 1–4.
McCarthy & Burns, *supra,* 51 Mass.L.Q. at 59.

9. Mass.R.Civ.P. 14(a) states, *inter alia*:
At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person who is or may be liable to him for all or part of the plaintiff's claim against him.

The court's discretion under section 1404(a) is broader than under the forum non conveniens doctrine, but the criteria applicable under the statute are substantially those developed under the older doctrine. These include: (1) the convenience to parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interests of justice, a term broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer.

*The burden is on the movant to make a clear showing that the proposed transferee district is a more convenient one, and that the interests of justice would be better served by a trial there.*

265 F.Supp. at 263 (emphasis added and footnotes omitted).[10] *Accord*, Herman v. Doug Frank Development Corp., 385 F.Supp. 767, 768 (S.D.N.Y.1974); Allied Intl. Products Ltd. v. Textron Industries, Inc., 382 F.Supp. 210, 212 (S.D. N.Y.1974); Saminsky v. Occidental Petroleum Corp., 373 F.Supp. 257, 258 (S.D.N.Y.1974); Scheinbart v. Certain-Teed Products Corp., 367 F.Supp. 707, 709 (S.D.N.Y.1973); Carpenter v. Hall, 352 F.Supp. 806, 812 (S.D.Tex.1972); Dutchen v. Ecological Science Corp., 54 F.R.D. 493, 495–96 (S.D.N.Y.1971). In the instant case, the Government's burden is made even more onerous because it is a third-party defendant and, thus, is placed in a sort of a tail-wagging-the-

dog situation. *Cf.*, Mitchell v. Farrell Lines, 350 F.Supp. 1325, 1327–28 (E.D. Pa.1972). Not only the plaintiff, but all defendants as well, oppose the transfer of this action and we conclude that the United States has not persuaded us to exercise our discretion in favor of a change of venue.

The essence of the Government's position is that its witnesses, the F.A.A. employees, are located in the Boston area and that their convenience would be advanced by a transfer to Massachusetts. (Nine of ten Air Traffic Control witnesses are said to reside in Massachusetts.) Other eyewitnesses are allegedly in the Boston area, as well. Additionally, the occurrence of the accident in Massachusetts and the applicability of Massachusetts law to the third-party claim are said to support the motion. Lastly, the Government claims that neither the plaintiff nor the defendants are residents of New York and that their only *nexus* with this forum is the location of counsel in this state.

The plaintiff counters these arguments by stating that the decedent worked in this district, that the defendant Winer Sportswear, Inc., has its principal place of business here, and that a number of plaintiff's witnesses reside in New York or nearby New Jersey. In addition, the plaintiff and the defendants have agreed to depose numerous witnesses, employees of the defendants, in New York.

Cessna, a Kansas corporation, takes the position that both New York and Boston are equally inconvenient to it and that it will have to conduct out-of-district discovery wherever venue is placed. Moreover, Cessna points out that it has no claim against the United

---

10. This burden which is placed on a § 1404(a) movant has alternatively been stated in terms of: "a clear-cut case for transfer," Allied Int'l Products Ltd. v. Textron Industries, Inc., 382 F.Supp. at 212; "clearly and substantially in favor of . . . transfer" City of New York v. General Motors Corp., 357 F.Supp. 327, 328 (S.D.N.Y.1973); and "the record must heavily and substantially preponderate in favor of the moving party before the plaintiff's choice of forum will be disturbed," Umbriac v. American Snacks, Inc., 379 F.Supp. 627, 629 (E.D. Pa.1974).

States and vice versa. The "Winer defendants" point out that their sole *nexus* with Massachusetts is the fortuitous crash of the aircraft.

In addition to the contentions advanced *supra,* we find the following considerations to militate against the Government's position: the fact that two other actions arising from this crash are presently pending before this Court, 74 Civ. 749 (JMC) and 74 Civ. 858 (JMC); the fact that the Government's witnesses, whose convenience is sought to be advanced, are apparently federal employees and under the movant's control (*see,* Barrios v. Dade County, 310 F.Supp. 744, 749 (S.D.N.Y.1970); Schmidt v. American Flyers Airline Corp., 260 F.Supp. 813, 814 (S.D.N.Y. 1966)); and the fact that the alternative forums are in relatively close geographical proximity (Leesona Corp. v. Duplan Corp., 317 F.Supp. 290, 299–300 (D.R.I.1970)). Lastly, it must be remembered that the United States has a limited involvement in this case and that its potential liability is restricted to contribution to the "Winer defendants" on plaintiff's conscious pain and suffering claim. When this exposure is contrasted with that of the defendants, who vigorously oppose a transfer, it further persuades us against a change of venue.

In sum, we conclude that while this action could have been commenced in Massachusetts (and probably could have withstood a § 1404(a) motion in that district), the Government has not persuaded us that a change of venue would advance the purposes of the statute or serve the convenience of the parties or witnesses or the interests of justice. The convenience of the other parties to this controversy, the Government's limited interest in this litigation and the plaintiff's choice of this forum cause us to find that a transfer of this case at the behest of the United States would merely serve to shift any inconvenience incident to the present venue onto the shoulders of the other litigants.

## CONCLUSION

For the reasons stated above: (1) the Government's motion to dismiss the third-party complaint (Fed.R.Civ.P. 12 (b)(6)) is hereby granted except to the extent that the third-party plaintiffs pray for contribution over from the United States on the plaintiff's claim of damages for conscious pain and suffering, to which extent the motion is hereby denied; and (2) the motion to transfer this cause to the District of Massachusetts (28 U.S.C. § 1404(a)) is hereby denied.

It is so ordered.